this is a case that comes to the court a multi-defendant start out as a multi-defendant multi-count drug matter and ultimately my client mr. Mejia went to trial with one other defendant that's not this defendant this defendant the other defendant mr. Crawford's client pled guilty mr. Mejia was convicted of possession of a firearm during in relation to a drug trafficking crime basically factually he was caught driving a car that had 19 kilos of the first issue I'd like to address is the issue that we did brief as the number one issue and that was whether the trial court erred in failing to allow the defense to put on evidence that the drugs and the gun that were made made up the case were actually destroyed by the San Bernardino Sheriff's Department whether that could have been used as an impeachment and brought into the trial the government have made a pre-trial motion to exclude that evidence do you have any allegation that it was done in bad faith no well what would you have as I understand it you're trying to distinguish between the cases which generally regard the exclusion of evidence in bad faith the loss of evidence in bad faith is a reason for what would you have said about that I think I think that they would officers or somebody would have been asked where's the gun where's the cocaine and then what would you have what would you what would you have said about it well I think they would have depended on what the answer was I think the answer is would have been they got destroyed we don't have it anymore or it got destroyed but I think it was up to the jury to decide what weight if any and what that might have meant to them the fact that this evidence was now what weight could be given to something if it was done in good faith and it's irrelevant well I don't think it's I don't think that it was irrelevant I think that as a trier of fact the trier of fact was entitled to know that the evidence was no longer in existence if you were arguing about how much cocaine there was or whether it was cocaine or whether it was a gun or whether it was the right kind of a gun or where the gun was or any of those facts then the fact that you couldn't prove that you didn't have a physical object could have mattered we argue about any of that well I think if that evidence had come in the argument probably could have been in a better position to have been made how do you say the drugs or the guns were exculpatory well the defendant's position was that he didn't do this crime his position was that he had no knowledge of any of these matters if in fact it had been determined it had been put before the jury that this evidence had been destroyed and was no longer in existence the jury may have very well looked at the case from a different perspective but here maybe they would have wanted to take a look at the gun now there's some question as to whether they're allowed to but I think the court in its discretion could have allowed some kind of a viewing even if it was perhaps from a distance and looked at the evidence so it was not there to be done the only evidence that came in on the gun was the officer saying this was a real weapon looked like it you know in my expertise this was a firearm so I think that that was what the defense attorney wanted to do was at least to have brought that up it could have raised a question that the jury may have asked I might sound a little speculative but you know with the evidence gone I can only speculate on what might have happened so I think it was something right a lot of the cases that are cited and but you didn't want as I understand what the argument was a bad was not about the fact that the evidence didn't exist but that you want to be able to tell the jury that the evidence didn't exist well correct yes what good would that have done you is what I'm trying to find out well the jury might have made some determination they the jury might have said perhaps if they if it had existed maybe they would have wanted to have looked at the weapon that's not the question but the question is what was in what way was it helpful to you to introduce evidence that it didn't exist just that it didn't exist well I think the jury I think anytime that you have evidence that's the that's the crux of the case and it's no longer in existence to me that that's relevant I mean we're talking about a gun charge the guns gone we're talking about a drug charge the drugs are gone that that information may have been something that the jury that a further argument and the jury could have latched on to in some respect did we set the timer was it at 10 or 7 I'm sorry I think it was 7 7 was the countdown was okay that was the argument on that could I address a separate issue yes I want to address the 924 C issue which was the evidence that we the issue that we raised in our opening brief is the second issue and whether the weapon or the gun was useful to the jury the weapon was possessed during the drug offense it has to be knowingly and intentionally carried a firearm during in and in relation to a drug trafficking crime and that means it has to promote or facilitate the crime in this particular case the weapon was hidden in a compartment underneath the back of the SUV there was some jiggling around of the where the spare tire went and the weapon was found there the charges were there was possession possession with intent to distribute and conspiracy is that right and yes and then if there were three charges and a gun charge okay so at least on the possession with intent to distribute and conspiracy why isn't the fact that the gun in the it's true that they weren't using it at the moment for the crime but but in the larger picture i.e. they had they had the two of them right together and they it appeared that when they took out one they were going to take out the other i.e. when they distributed it that's one interpretation yes but the the weapon was not any way it couldn't be reached it was not in a glove compartment while they were driving in the car but the crime but the crime charge is bigger than that isn't it well the crime charge yes there's conspiracy and there's there's the possession charge with intent to distribute yes yes that that that that's the that's correct but our our position is under some of the more recent cases that when you have a gun that's not able to work I mean it did the magazine was out of the gun the gun was in his was in a sock it was in the same location of the drugs but it's the exact opposite of the Rios case I mean in Rios the whole point was that that he he owed a gun had a gun but he wasn't doing any of the crime in that place well that that's true except where the gun was found there was also some documentation about the drugs there was a drug list and there was some connection it wasn't selling drugs or doing anything with regard to the drugs except keeping some records in the house that's true they were in different locations but there was some indicia where they did find the gun that there was drug activity going on there was paperwork that I think there were price lists and some other items that indicated that they could have connected them so it is true they weren't found in the exact same location but I would argue here that because there the accessibility of the defendant being able to reach that that the evidence was insufficient on the 924 C I would submit and save time for rebuttal the remaining thank you the remaining arguments on the brief I would submit on those thank you morning your honors may it please the court James Crawford on behalf of Ismael Rodriguez your honors in this particular case the issues are a little bit more narrower because Mr. Rodriguez did plead guilty and when he entered a plea of guilty he admitted that there was at least 50 kilograms of cocaine and 8 kilograms of methamphetamine involved the only issue in this particular case is after Mr. Rodriguez entered a plea of guilty he submitted himself to a safety valve proffer with the government he sat down with the government and he basically admitted during the proffer to having engaged in the sale or distribution of 800 to 1000 kilograms of cocaine and 60 kilograms of methamphetamine which is substantially greater than what he admitted to during the time of the plea the question that is really before the court right now is whether or not the district court was proper under 18 USC section 3553A to have considered facts that the defendant admitted to during a safety valve proffer for purposes of enhancing the defendant's potential the government never agreed not to use that information that's correct your honor normally I believe there's a queen of the day letter or a letter where the government and the defense would get together and that's the difference between this case and foster that you say I believe it may substantially distinguish there is not an express agreement in this case your honor but I think the court still has to consider whether or not there was an implied agreement it seems like somebody screwed up is what actually happened there's a substantial possibility that there was a mistake and maybe the proceedings would be better brought in a 2255 petition on IEC grounds however you know I'm doing the best I can with what I've been appointed with and working with the facts that are with me I still believe the court has to determine whether or not because I don't believe it would be appropriate for me to have litigated the IEC claim based upon the record and the facts that are in the record I think it would be more appropriate for a petition under 2255 to be later brought however but for purposes of the direct appeal and what the court has to decide with the facts that are before it the only question is whether or not there was substantial evidence to support whether or not there was an implied agreement under 1B1.8 we certainly can't decide that either except on a 2255 and in order to know unless you say there's a per se implied agreement which can't be right because these statutes specifically talks about an agreement which means that you have to have one and it can't be that there's just automatically one you're correct so there could be there could be facts in which there's an implied agreement but that would have to be a 2255 too probably would be but for purposes of direct appeal when the court's reviewing the record on appeal the question is you know I mean when it comes right down to it is why would anyone in their right mind sit down with the government and admit to a tenfold increase in drug quantity for no other purpose than to increase their sentence and I believe based upon that I believe that the record would support the finding of an implied agreement that the statements that were made by the defendant I mean if you look at the public policy and you look at the policies under 18 U.S.C. section 3550 3a and whether to impose a sentence that is no greater than that which is necessary for protecting the public rehabilitating the defendant and preventing future crime if we look at all of those factors and we look at what happened in this particular case it's just simply it does not add up that the court should not have considered and the court admits when he's being reviewed maybe it's not the right thing to do but he conceitedly did use facts that the defendant admitted to even if there were an implied agreement as you argue the provision of the guidelines only refers to information to be used in determining the applicable guideline range and here apparently the district court considered these drug quantities as part of its 3553a factor examination I understand your honor but I mean the guidelines now are merely advisory and they are not mandatory however when the court's exercising its discretion in calculating a potential fair sentence under 3553a the district court admittedly did employ or did consider and did rely upon the facts that were admitted to by the defendant during the proffer and the fact that the district court admitted that he did rely upon those facts in calculating what a fair sentence is under 3553a I believe is a factor that the court should consider in whether or not to use in the future. I was error for the court to consider those facts and unless the court has any questions I would be prepared to submit on my argument and my brief. Thank you, your honor. Enjoy California, your honor. Thank you. May it please the court, Mark Young, on behalf of the United States. Addressing some of the issues raised by Defendant Mejia first, with respect to the destruction of evidence, it was raised in the district court as a 403 that it should be denied under 403 and that's really the analysis done by the district court. The district court looked at the fact that it wasn't destroyed in bad faith, the district court looked at the fact that there hadn't been a request for this evidence in over two years, and the district court looked at the fact that if there was any cross-examination on the issues of chain of custody, how the operability of the gun, defense counsel would be able to continue to do that, and made the determination, while not explicit, that the evidence wasn't relevant, it was unfairly prejudicial, and it wasn't probative to any point before the jury. And as such, the district court properly denied the omission of the evidence regarding the destruction of the evidence. With respect to the second issue raised by defense counsel in his argument, denying the sufficiency of the evidence as to the gun charge, the government charged a carrying in furtherance, excuse me, during the course of a drug trafficking crime, obviously, as the Court pointed out, here was 19 kilograms of cocaine, right on top of it was the gun. I guess it really doesn't to me it matters what it has to be relevant to. I mean, while they were driving around, they certainly had no access to that gun. And so while they were doing that, and in terms of if the possession, which I assume it is, is the possession at the time that they were stopped, it couldn't have been in furtherance of that, or because they couldn't get to it. So why is it in furtherance of? Well, it's in furtherance, as the Court pointed out, the actual distribution of the drugs. All right. But first of all, it's actually possession with intent to distribute, so the distribution itself isn't part of the crime. Well, in the conspiracy, it's charged both as possession with intent to distribute, I believe, as distribution of the drugs. And the conspiracy lays out the overt acts where the drugs would be brought from the Los Angeles area up to the northern California and the Oregon area. But here, as it was set forth in the district court, it would embolden the defendants. It would give them confidence. And they would have to get to that gun before they delivered the cocaine. It would be there for protection, either from other drug traffickers or people trying to rob them. It would also be possibly used in different circumstances if law enforcement had stopped them. And as it was set forth in Mascarella. Well, that's what they couldn't have done. Well, they could if they had access. I mean, not if they were stopped and taken out of the car and they didn't have access to the trunk. But if there was circumstances where they were already out of the car or had the ability to get to the drugs, they would have access to the gun. I mean, it is important to note that the gun was located right on top of the cocaine, not underneath the cocaine. Before anyone got to that cocaine, they would be able to get to the gun. And I think that's an important point. And it does facilitate the actual drug trafficking crime by having that gun there. I mean, the point of the 924C law is to take the guns away from the drug trafficking to prevent the danger of associating them together. And that's exactly what we did here. And I believe, as the Court correctly pointed out, Mann and Rios are easily distinguishable in that both cases, the guns and the drugs were separated. There was no connection between the storage of the drugs and the presence of the gun, which is unlike the case here. Now, the final issue I'd like to bring up with respect to Defendant Mejia was just the suppression motion. Whether the defendant was actually not allowed to bring a suppression motion. And certainly, there was back and forth between the district court and defendant regarding whether it was a meritorious motion, whether the defendant had a good cause for not bringing up the motion at this point in time. At this point in time. The point is the court said you could bring the motion. Exactly. At the end of the day, the court said you could bring it. And the rationale for not bringing it is relatively clear that the only rationale for bringing one was pretextual, and there's nothing illegal about a pretextual stop. Quickly moving, unless there are any other questions regarding Defendant Mejia, I'd just like to address the issue with respect to Mr. Rodriguez. With respect to that case, there was some comment about some sort of implied agreement. Well, as the record makes clear, at sentencing, the district court specifically asked defense counsel, was there anything stopping the government from using this? I assume that would include any sort of implied agreement, and that's at the excerpts of record 133 to 134, and defense counsel agrees. There is nothing preventing the government from using this. The other question was asked, well, why would you go ahead and meet with the government? Obviously, it's not specifically on the record, but defense counsel was arguing that his client didn't deserve a role adjustment. He wanted the benefit of coming in and meeting with the government by being able to say, look, he was completely honest, this works in his favor, and this is what his role in the offense was. But he didn't want to have the downside, which is, look at the amount of drugs he was involved in distributing. 800 to 1,000 kilograms cocaine, an immense quantity of drugs. He wanted it one way, but not the other. And it's a safety valve. It's not a cooperation agreement. There is no obligation on the government to give, as counsel pointed out, a queen for the day. Very often in safety valve cases, no such agreement is made. It's the defendant's responsibility to come in and tell the government the truth, whether the government immunizes those statements or does not. They have that obligation if they want the benefit under the safety valve. If there are no further questions on either case, the government would submit on the briefs. Thank you, counsel. Rebuttal. Without being redundant, unless there's any questions, I really don't have any rebuttal. I'd be just repeating myself, I believe. Thank you, counsel. Thank you very much. And your honor, I believe my brief and the argument that I've made pretty much sets forth the position I have, so unless the court has any questions, I'll be careful. Thank you. Thank you all. Now, I'll turn again. The court will stand in recess for the day. Thank you. Thank you.
judges: Reinhardt, Berzon, Miner